ALFRED A. SLOCUM, PUBLIC ADVOCATE OF THE STATE OF
NEW JERSEY, PLAINTIFF, v. THE BOROUGH OF
BELMAR, DEFENDANT.

Superior Court of New Jersey Law Division
Monmouth County

Decided May 9, 1989.

*Richard E. Shapiro* for plaintiff (*Alfred A. Slocum*, Public
Advocate of New Jersey, attorney).

*Timothy M. Crammer* for defendant (*Crammer & Covelli*,
attorneys).

MILBERG, A.J.S.C.

The sole legal issue presented to the court on this motion for partial summary judgment is whether the Public Advocate's claim for reimbursement of beach fees collected by the Borough of Belmar in excess of its legitimate beach front related expenses for the years 1984–1988 is governed by the provisions of *N.J.S.A.* 59:1-1 *et seq.*, The New Jersey Tort Claims Act. I hold that it is not.

*N.J.S.A.* 59:8–3 provides:

No action shall be brought against a public entity under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter.

*N.J.S.A.* 59:8–8, which sets forth the procedural time limitation for claims under the act, states:

A claim relating to a cause of action for death or for injury to person or to property shall be presented as provided in the chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of claim is received, the claimant may file suit in the appropriate court of law. The claimant shall be forever barred from recovering against a public entity if:

a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8–9; or

b. Two years have elapsed since the accrual of the claim; or

c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.

Defendant contends that plaintiff never served defendant with a written notice of claim as required by *N.J.S.A.* 59:8–3 and –8, and therefore, that portion of plaintiff's amended complaint seeking to recover surplus revenues should be dismissed.

On May 22, 1987, plaintiff filed this action in lieu of prerogative writs seeking declaratory and injunctive relief with regard to defendant's beach admission fees. Plaintiff seeks a judicial declaration that defendant's beach fees generated revenue that exceeded its beach-related expenses in violation of the statute and that any daily admission fee over "$2" is unreasonable. Additionally, plaintiff seeks an injunction requiring defendant to set its future beach fees at a level that generates revenue to

match expenses, with a maximum daily fee of no more than "$2."

After evaluating the extensive discovery materials relating to the beach fees, plaintiff's expert concluded that the total surplus revenue for 1984, 1985 and 1986 was approximately "$3,000,000."

On March 6, 1989, this court entered an order granting plaintiff leave to file an amended complaint seeking additional reductions in defendant's beach fees to reimburse beach goers for the surplus revenues generated by defendant in prior years.

Defendant's answer to the amended complaint raises as an affirmative defense the issue of whether the additional relief sought by plaintiff is a claim for damages and, therefore, subject to the provisions of the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 *et seq.*

Defendant, on this motion, maintains that the additional relief sought in plaintiff's amended complaint seeking reimbursement of fees constituting damages as set forth in *N.J.S.A.* 59:1-3 and -4 should be dismissed because plaintiff failed to comply with the procedural requirements of the statute by not serving defendant with a notice of claim pursuant to *N.J.S.A.* 59:8-8.

The New Jersey Tort Claims Act was enacted by the Legislature to provide a "comprehensive system for adjudicating tort claims against public entities." *Fuchilla v. Layman,* 109 *N.J.* 319, 333 (1988). The Tort Claims Act seeks to provide compensation to *tort victims* without imposing excessive financial burdens on the taxpaying public. *Id.* at 335; emphasis supplied.

A clear reading of the act and relevant case law dictates that plaintiff's requested relief falls outside the scope of the Tort Claims Act.

The pivotal point of this argument is found by looking at the words "injury" and "damages" as set forth in the act.

*N.J.S.A.* 59:1-3 defines injury as:

... death, injury to a person, damage to or loss of property or any other injury that a person may suffer that would be actionable if inflicted by a private person.

It is obvious that plaintiff's injury is not one that is covered by the act. This is not an action for negligence, loss or destruction of property or any other type of "tort liability"; rather, this is an action sounding in equity.

*N.J.S.A.* 59:1-4 states:

Nothing in this act shall affect liability based on contract or the right to obtain relief other than damages against the public entity or one of its employees.

While it is readily apparent that this is not a contract case, it is also clear that the relief sought is not damages. Plaintiff's requested relief is neither compensatory nor punitive in nature; rather it could be classified as equitable relief for defendant's unjust enrichment.

This court notes that actions for purely equitable relief are not subject to the Tort Claims Act. *Simon v. Oldmans Tp.,* 203 *N.J.Super.* 365 (Ch.Div.1985); *Blazer Corp. v. N.J. Sports & Exposition Authority,* 195 *N.J.Super.* 542, 549 (Law Div. 1984).

Accordingly, defendant's motion for partial summary judgment is denied.